IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS  DIVISION

| | | |
|---|---|---|
| **TROY WOODS,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:11-cv-0065-O** |
| | § | |
| **THE WICHITA FALLS** | § | |
| **INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [doc. 5], filed August 17, 2011.  Having considered the motion, response, reply and applicable law, the Court **grants** Defendant's motion to dismiss.

## I.      Background

Plaintiff Troy Woods ( "Plaintiff") filed this employment discrimination complaint against Defendant Wichita Falls Independent School District ("WFISD") on June 13, 2011, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.,* ("Title VII"), as well as 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  Plaintiff, an African-American male employed by WFISD, alleges that from January 2008 through present, WFISD's Maintenance Director, Dan Shelton. "exhibited a pattern of discrimination targeted to Plaintiff.  Plaintiff has been issued several unwarranted disciplinary actions by Dan Shelton.  In addition, several out-dated wrongful

1

disciplinary actions were never removed/expunged from Plaintiff's employee records by Defendant." [doc. 2, Compl. ¶ 6]. Plaintiff further alleges that on or about September 2010, "Dan Shelton demanded Plaintiff take a defensive driving course for [an] accident that was not Plaintiff's fault in a continual effort to treat Plaintiff differently from other non-African American employees." [*Id.* ¶ 7]. According to Plaintiff, "[o]ther similarly situated non-African American employees have not been made to take driving classes or written up like Plaintiff for offenses[.]" [*Id.*]. Plaintiff alleges he complained about Dan Shelton's discriminatory actions to Dena Hoban, who worked in human resources for WFISD, but that WFISD "failed to stop Dan Shelton from continuing to discriminate against Plaintiff." [*Id.*]. Plaintiff alleges that other employees who witnessed Dan Shelton's "blatant discrimination" also complained to human resources, but again "Defendant failed to respond to its manager's discriminatory actions and allowed the actions to continue." [*Id.*]. Plaintiff also alleged that, "knowing there would be no consequences for his actions, Dan Shelton in frustration went so far as to actually kick trash at Plaintiff." [*Id.*].

Plaintiff alleges that on several occasions, Dena Hobin "personally complained to Dr. Orr, Defendant's previous Superintendent and Tim Turner, Defendant's Financial Officer about Dan Shelton's discrimination, and still Defendant continues to do nothing." [*Id.* ¶ 8]. Plaintiff alleges that Dena Hobin was "told to address Dan Shelton herself because of fear that if upper management addressed Dan Shelton, upper management was afraid Dan Shelton would retaliate against Plaintiff." [*Id.*]. Finally, Plaintiff alleges that in a further effort to discriminate against Plaintiff, Dan Shelton would force Gregg Pritt, Plaintiff's immediate supervisor, to write Plaintiff up "without cause," and that if Gregg Pritt refused, Dan Shelton would make Gregg Pritt's life miserable.  [*Id.*].

Plaintiff brings this lawsuit against WFISD for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.,* ("Title VII"), as well as 42 U.S.C. § 1981 and 42 U.S.C. § 1983, seeking compensatory and punitive damages, alleging that: WFISD "intentionally engaged in unlawful employment practices involving Plaintiff because of his race and color" [*id.* ¶ 9]; "discriminated against [him] in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of [his] race and color in violation of 42 U.S.C. § 2000e(2)(a)" [*id.* ¶ 11]; "classified [him] in a manner that deprived him of an equal employment opportunity that was provided to other non-African American employees similarly situated in violation of 42 U.S.C. § 2000e(2)(a)" [*id.* ¶ 12]; "discriminated against [him] on the basis of race or color with malice or with reckless indifference to [his] federally-protected rights" [*id.* ¶ 12]; and "violated [his] rights under 42 U.S.C. § 1981." [*Id.* ¶ 13].

WFISD has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff has failed to allege a *prima facie* claim of race discrimination, and alternatively, Plaintiff has failed to allege a violation of 42 U.S.C. § 1983. [doc. 5]. Further, WFISD asks the Court for an award of attorney's fees, contending that Plaintiff's lawsuit is "frivolous, groundless, unreasonable and without merit." [doc. 5, WFISD Mot. to Dismiss ¶ 31]. WFISD's motion to dismiss is ripe for determination.

## II.     Applicable Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50.  When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

4

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).  Likewise, a court may consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## III.   Analysis

In support of its motion to dismiss Plaintiff's complaint, WFISD makes two arguments: (i) dismissal is required because Plaintiff has failed to state a prima facie case for violations of Title VII under the *McDonnell Douglas* burden shifting framework; and (ii) alternatively, even assuming Plaintiff has stated a prima facie case of employment discrimination, Plaintiff has failed to allege a violation of 42 U.S.C. § 1983. [doc. 5].  Additionally, WFISD seeks its attorney's fees.  The Court considers these arguments in turn.

### A.

WFISD first contends that, under the *McDonnell Douglas* burden-shifting framework, Plaintiff has failed to adequately allege the "adverse employment action prong" of his prima facie case, and accordingly his complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). [doc. 5, Def. Mot. to Dismiss ¶¶ 5-11].  In response, Plaintiff argues that the "*McDonnell Douglas* framework is an evidentiary standard and not a rigid pleading requirement." [doc. 9, Pl. Resp. ¶ 9]. The Court agrees with Plaintiff.

Title VII of the Civil Right Act of 1964 provides, in relevant part, that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).[1]  Title VII race discrimination claims are subject to the burden-shifting framework first established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonnell Douglas* framework requires a plaintiff to first establish a *prima facie* case of discrimination by a preponderance of the evidence. *McDonnell Douglas*, 411 U.S. at 802; *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). To establish a prima facie case of race discrimination, a plaintiff must show that (1) he belongs to a protected class of persons; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) employees outside his protected class were treated differently under nearly identical circumstances. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).[2]

WFISD's argument ignores that "'[t]he prima facie case under *McDonnell Douglas* [is] an evidentiary standard, not a pleading requirement,' and therefore 'should not be transposed into a rigid pleading standard.'" *Avalon Residential Care Homes, Inc. v. City of Dallas*, 2011 WL

---

[1] "[R]ace discrimination claims brought pursuant to section 1981 are governed by the same evidentiary framework applicable to employment discrimination claims under Title VII." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 n. 7 (5th Cir.2004); *see also Jones v. Robinsonrop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir.2005) ("[T]he analysis under both [Title VII and § 1981] [ is] identical, the only substantive differences between the two statutes being their respective statute of limitations and the requirement under Title VII that the employee exhaust administrative remedies." (citations omitted)). Accordingly, the Court considers Plaintiff's Title VII and § 1981claims together.

[2] If a plaintiff establishes a *prima facie* case, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802. If such a showing is made, the presumption disappears, and the burden shifts back to the plaintiff, who survives summary judgment if he is able to demonstrate that the articulated reason was merely a pretext for intentional discrimination. *Id.*

6

4359940, at *9 (N.D. Tex. Sept. 19, 2011) (Fitzwater, J.) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)).   Furthermore, "[t]he Supreme Court has continued to cite and follow *Swierkiewicz* after its later decisions in *Twombly* and *Iqbal*." *Id.* at 9 n.16 (citing *Skinner v. Switzer*, __ U.S. __, 131 S.Ct. 1289, 1296 (2011)); *see also Puente v.* Ridge, 2009 WL 1311504, at *3 (5th Cir. 2009) ("for purposes of surviving a Rule 12(b)(6) motion to dismiss, an employment discrimination plaintiff need not plead a prima facie case of discrimination."); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 266 (E.D.N.Y. 2009) ("[P]laintiffs do not need to allege specific evidence that satisfies the elements of a prima facie case of retaliation at the [motion to dismiss] stage of the proceedings."). Under *Swierkiewicz*, the pleading of a prima facie case is sufficient, but not necessary, to survive a motion to dismiss.   534 U.S. at 511.   Accordingly, the Court rejects WFISD's argument that dismissal is required pursuant to Rule 12(b)(6) for failure to allege an adverse employment action under the *McDonnell Douglas* burden-shifting framework.[3]

## B.

WFISD next contends that, even assuming Plaintiff's allegations state a claim of race discrimination under Title VII, Plaintiff's complaint should be dismissed because Plaintiff has failed to adequately allege a cause of action under 42 U.S.C. § 1983 against WFISD.  Specifically, WFISD argues:

> Plaintiff's allegations, taken as true, do not state a claim upon which relief can be granted under 42 U.S.C. § 1983.   WFISD cannot be held liable under a vicarious liability theory, and Plaintiff has not alleged any facts that would show that he was

---

[3]As WFISD does not argue for dismissal based on failure to state a "plausible claim for relief" under *Iqbal*, or that it lacks fair notice of the basis for the complaint, but only moves to dismiss for failure to allege an adverse employment decision as part of a prima facie case under *McDonnell Douglas*, the Court will limit its analysis to the argument raised.  *See generally United States v. Burke*, 504 U.S. 229, 246 (1992)(Scalia, J., concurring) ("The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance . . . distinguishes our adversary system of justice from an inquisitional one.").

subjected to a violation of the United States Constitution or other law of the United States, by a final policymaker acting pursuant to an official policy that was the moving force behind the violation and done with deliberate indifference.
[doc. 5, Def. Mot. ¶ 23].

In response, Plaintiff contends that "[t]he three school officials and the School Superintendent's choice not to do anything about the known discrimination of Plaintiff is evidence of an official policy that is on its face a violation of Plaintiff's constitutional rights. A policy, such as WFISD's officials and superintendent's practice of not responding to reports of discrimination can be connected to prior ones, [sic] in effect directs a violation of Plaintiff's Civil Rights, which is actionable under section 1983." [doc. 9, Pl. Resp. ¶ 13]. In reply, WFISD argues that:

Plaintiff does not dispute that the Board of Trustees is the only final policymaker here by law, nor does he present any allegations identifying an official policy. Instead, Plaintiff makes the conclusory assertion that a widespread custom exists. This conclusory assertion still fails to state a claim as there are no allegations to demonstrate that the purported custom was the cause and moving force behind any constitutional deprivation, to which the Board was deliberately indifferent . . . In fact, Plaintiff does not even allege that the Board was aware of these allegations, but disregarded a known or obvious consequence, as required to sufficiently allege deliberate indifference.

[doc. 12, Def. Reply ¶ 11]. WFISD further argues that "Plaintiff does not allege a custom that would permit his lawsuit to continue . . . [since his] allegations relate only to how he claims he was treated; his complaint does not allege any custom affecting a class of persons that was so widespread to have the force of law. [*Id.* ¶ 12].

A local governmental entity, such as the WFISD, can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Liability of the school district under section 1983 requires proof of three elements:

8

"a policymaker; an official policy; and a violation of a constitutional right whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted). A governmental entity cannot be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Monell*, 436 U.S. at 694. Likewise, supervisory officials may not be held vicariously liable under § 1983 for the actions of their subordinates. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

Official policy is defined as :

1.   A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [school district] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2.   A persistent, widespread practice of [school district] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [school district] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [school district] or to an official to whom that body had delegated policy-making authority.

*Eugene v. Alief Indep. Sch. Dist.,* 65 F.3d 1299, 1305 (5th Cir. 1995); *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) (per curiam). A plaintiff must identify the policy, connect the policy to the governmental entity itself and show that his injury was incurred because of the application of that specific policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). A plaintiff must establish that the governmental entity through its deliberate conduct was the "moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bryan County v. Brown,* 520 U.S. at 404.

Liability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official. *Bennett*, 728 F.2d at 769. The official complained of must possess

> [f]inal authority to establish [school district] policy with respect to the action ordered. . . .The official must also be responsible for establishing final government policy respecting such activity before the [school district] can be held liable. . . .[W]hether an official had final policymaking authority is a question of state law.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986). Under Texas law, the final policymaking authority in an independent school district rests with the district's trustees. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993).

Having carefully considered the Complaint, as well as the parties' briefs and applicable law, the Court concludes that the Complaint fails to allege a section 1983 action against WFISD. The Complaint fails to even allege the three attribution principles stated above, namely, "a policymaker; an official policy; and a violation of a constitutional right whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578. Absent theses allegations, the Court is left with nothing but allegations of individual violations perpetrated by school employees, which the Court cannot fairly identify as actions of the WFISD trustees, the final policymaking authority. *Jett*, 7 F.3d at 1245. Further, allegations of misconduct by Dan Shelton, a maintenance director, and allegations that various employees of WFISD knew about these allegations, including the prior Superintendent, is insufficient to state a claim against WFISD. *See Monell*, 436 U.S. at 694 (a municipality may not be held vicariously liable under Section 1983 for the unconstitutional acts of its employees); *Piotrowski*, 237 F.3d at 578 ("the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability.")

10

In sum, while the Court recognizes that "1983 municipal liability may be imposed when (1) the enforcement of a municipal policy or custom was (2) 'the moving force' of the violation of federally protected rights.[,]" *City of Canton v. Harris*, 489 U.S. 378, 385-91 (1989), Plaintiff has simply failed to plead a section 1983 cause of action against WFISD.[4] Accordingly, the Court grants WFISD's motion to dismiss on this ground.

## C.

The Court now turns to WFISD's request for attorney's fees, and its argument that an attorney's fee award is in order because Plaintiff's lawsuit is "frivolous, groundless, unreasonable and without merit." [doc. 5, WFISD Mot. to Dismiss ¶ 31]. As already set forth above, much of WFISD's briefing is spent on its argument that Plaintiff's complaint should be dismissed under Rule 12(b)(6) since Plaintiff failed to adequately plead a prima facie case of employment discrimination under the *McDonnell Douglas* burden-shifting framework. As the Court stated above, this argument ignores the Supreme Court's decision in *Swierkiewicz* that "'[t]he prima facie case under *McDonnell Douglas* [is] an evidentiary standard, not a pleading requirement,' and therefore 'should not be transposed into a rigid pleading standard.'" *Avalon Residential Care Homes*, 2011 WL 4359940, at *9 (citing *Swierkiewicz*, 534 U.S. at 510). While it is true that Plaintiff's section 1983 allegations fall short, the Court concludes that Plaintiff's complaint is not frivolous, and declines to award WFISD its attorney's fees.

---

[4]Arguments set forth in Plaintiff's response to WFISD's motion to dismiss, however well-stated, cannot alter the pleading deficits in the Complaint. Further, Plaintiff has not requested leave to amend.

IV.     **Conclusion**

Based on the foregoing, the Court **grants** Defendant's Fed. R. Civ. P. 12(b)(6) Motion to

Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [doc. 5].  Plaintiff's claims

are hereby **dismissed with prejudice**.

**SO ORDERED** this **7th day** of **November, 2011.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**